**LAKE COUNTY ATTORNEY'S OFFICE**
106 FOURTH AVENUE EAST
POLSON, MT 59860

June 16, 2021

James Ryan Elverud
Lake County Jail

Re: State of Montana v. Larrs Jalen Omingo, DC-21-155

Dear James Ryan Elverud,

My name is Molly Owen, and I am the Deputy Lake County Attorney prosecuting the Defendant for committing the offense of:

> COUNT 1: Aggravated Assault, a Felony, under MCA 45-5-202, with a maximum penalty provided by law of imprisonment in the state prison for life and a fine of $50,000.

This event occurred on May 26, 2021.

*If the Defendant obtains counsel*, his attorney or an investigator may contact you. You don't need to talk to them if you don't want to, and, if you feel uncomfortable, please contact me. The Defendant should not attempt to discuss this case with you directly. Also, you should contact the Sheriff's Office (406-883-7301) or local law enforcement if any person attempts to intimidate you regarding this action, encourages you not to testify or cooperate with an investigation, or encourages you to testify falsely. These types of incidents do not happen often; however, if you are concerned about something of this nature, feel free to contact me, the Sheriff's Office, or a victim advocate at Safe Harbor (406-883-3350).

You are a victim in this case, so you have certain legal rights, which include:

- the right to a free copy of all the public documents in the court file,
- the right to confer with me about a plea agreement,
- the right to be present at every hearing (Defendant currently has an **Omnibus Hearing scheduled for September 29, 2021, at 9:00 a.m.**, at Court Room 1, which is in the Lake County Courthouse, 106 Fourth Avenue East, Polson, MT 59860),
- the right to updates on the status of the case,
- the right to have a victim advocate present at any pre-trial interview,
- the right to restitution, and
- the right to speak at sentencing.

If you wish to exercise these rights, please email me at mowen@lakemt.gov (preferred form of contact) or call me at (406) 883-7249 to discuss your *rights* further.

Thank you very much,

*Molly Owen*
Molly Owen
Deputy Lake County Attorney

**LAKE COUNTY ATTORNEY'S OFFICE**
106 FOURTH AVENUE EAST
POLSON, MT 59860

June 16, 2021

James Ryan Elverud
Lake County Jail

Re: State of Montana v. Nicholi Thomas Assiniboine, DC-21-154

Dear James Ryan Elverud,

My name is Molly Owen, and I am the Deputy Lake County Attorney prosecuting the Defendant for committing the offense of:

> COUNT 1: Aggravated Assault, a Felony, under MCA 45-5-202, with a maximum penalty provided by law of imprisonment in the state prison for life and a fine of $50,000.

This event occurred on May 26, 2021.

*If the Defendant obtains* counsel, his attorney or an investigator may contact you. You don't need to talk to them *if you* don't want to, and, if you feel uncomfortable, please contact me. The Defendant should not attempt to discuss this case with you directly. Also, you should contact the Sheriff's Office (406-883-7301) or local law enforcement if any person attempts to intimidate you regarding this action, encourages you not to testify or cooperate with an investigation, or encourages you to testify falsely. These types of incidents do not happen often; however, if you are concerned about something of this nature, feel free to contact me, the Sheriff's Office, or a victim advocate at Safe Harbor (406-883-3350).

You are a victim in this case, so you have certain legal rights, which include:

- the right to a free copy of all the public documents in the court file,
- the right to confer with me about a plea agreement,
- the right to be present at every hearing (Defendant currently has an **Omnibus Hearing scheduled for September 29, 2021, at 9:00 a.m.**, at Court Room 1, which is in the Lake County Courthouse, 106 Fourth Avenue East, Polson, MT 59860),
- the right to updates on the status of the case,
- the right to have a victim advocate present at any pre-trial interview,
- the right to restitution, and
- the right to speak at sentencing.

If you wish to exercise these rights, please email me at mowen@lakemt.gov (preferred form of contact) or call me at (406) 883-7249 to discuss your rights further.

Thank you very much,

Molly Owen
Deputy Lake County Attorney

# Lake County Detention Facility
## INMATE RULES

**GENERAL INFORMATION:** Each inmate is required to read each section of the rules and regulations carefully. After reading you may have questions on areas not covered or that are unclear to you. You should ask a detention officer for information or explanation. Emergencies should be brought to the attention of the nearest officer or other staff member. This document should be considered property of the Lake County Detention Facility and is on loan to you. From time to time changes to these rules may be issued. The Sheriff, Undersheriff and or Jail Administrator have authority to suspend any or all established rules and regulations in case of emergency. The word "Jail" and "Facility" in this document refer to the same.

**ADMISSIONS:** You will be assigned basic bedding and clothing materials as authorized. All adult inmates will complete photographing, fingerprinting and any other descriptive intake information for the booking detention officer.

**ADDRESSING STAFF MEMBERS:** All inmates will refer to staff members as "officer" or by their title or rank, not by their first name.

**HEALTH CARE:** The facility provides medical care during an inmates stay. Services performed will be at *the discretion of the in house physician*. Any specialized care or treatment will be at the direction of the facility doctor. All medication must first be authorized by the facility doctor, including over the counter meds.
Mental health referrals will be made by facility staff, but response by those agencies cannot be guaranteed. Lake County provides mental health evaluations on an emergency basis only.

**MEDICAL CO-PAYMENT:** A medical service policy was handed out to you upon entering the facility. If you did not receive this upon entering the facility ask a detention officer for the handout and clarification.

**RELIGIOUS COUNSEL:** Religious services are provided on Monday of each week.

**ALCOHOL AND DRUG COUNSEL:** AA meetings will be held if there is enough weekly interest.

**SMOKING:** By county ordinance and by order of the commissioners the Lake County Court House is a smoke free building. Tobacco products are not allowed in the Lake Co. Jail.

**RADIOS AND TELEVISIONS:** These items are allowed in the jail as a PRIVILEGE and may be removed or relocated at the discretion of the jail command. Restrictions of television privileges may result from disciplinary action and my be turned off by a detention officer on a temporary basis if the officer feels it is necessary. No more than one television and one radio will be allowed in a housing unit at one time. The volume of the radio and T.V. units must not be at a level that will disturb other inmates.

**MAIL REGULATIONS:** All incoming and outgoing mail will be directed through normal postal channels. Indigent inmates are allowed two free letters each week. All other mail will be sent out at the regular postal rate and must remain open. Inmates will address all outgoing mail in the following fashion:

YOUR NAME (AS SHOWN ON JAIL RECORDS)
C/O LAKE COUNTY SHERIFF'S OFFICE
ATTN: DETENTION FACILITY LAKE COUNTY COURT HOUSE, POLSON, MT 59860

Incoming mail from any attorney or judge shall remain sealed and unopened, but will be opened by the inmate in the presence of the detention officer. ALL MAIL coming in or going out of the jail may be opened and inspected for contraband. Mail to any attorney or judge shall be inspected in the presence of the inmate. Mail sent to the jail without a return address and full name will not be accepted. For security of the facility out going mail is to remain unsealed and given to detention staff for preview and detention staff will seal and mail out. Mail call is once each day and not available on weekends.

**NO PACKAGES OF ANY KIND ARE ALLOWED. INMATES ARE NOT TO SUBSCRIBE TO PERODICALS, MAGAZINES, AND NEWSPAPERS ETC.. IF THEY ARE SENT TO THE JAIL THEY WILL BE SENT BACK TO THE SENDER.**

**MONEY:** Money received through the mail will be collected and put on the inmate's books. A receipt will be given to the inmate to show the amount collected. Any money collected through the mail or dropped off and placed on your money account will go to paying any prior indigent or co pay medical visits that have not been previously paid. All checks mailed or dropped off to an inmate will be sent back to the person who sent it, as this facility does not accept checks for anyone other than from another detention facility.

**VISITING:**
Visiting days are Saturday and Tuesday with the hours of 1:30 to 3:00 p.m. for males and 4:00 to 5:00 for females All visitors under the age of 18 must be accompanied by a legal guardian.

**CONTACT VISITS ARE NOT ALLOWED.**

**USE OF TELEPHONES:** All holding areas in the Lake County Jail are furnished with telephones. The telephone system used by the Lake County Jail is computerized and all phone calls out of the jail are collect or by commissary phone calling cards. Phone calls are granted as a privilege, personal telephone calls are not a constitutional right. Incoming calls for inmates are not accepted other than from attorneys, or in the case of an extreme emergency.

**NO MESSAGES WILL BE TAKEN.**

**COMMISSARY:**
Allowable commissary items will be indicated on the order blanks. Commissary can be ordered two times a week. Commissary orders need to be given to the detention staff by lock down the night before they are to be filled. Orders are ordered Sunday, and Tuesdays. Indigent commissary and hygiene items can only be ordered on Sundays. All orders are filled at the expense of the inmate. Commissary purchases are a privilege and no more than $20.00 is allowed for each order (excepting phone cards). The limit is to avoid excessive accumulation in the cell. Commissary must be picked up by the inmate within 7 days of release if released, or the commissary will be destroyed.

**CARE OF LIVING QUARTERS:**
All inmate areas will be cleaned daily. Cleaning equipment will be placed in the house units by jail staff. Cells, including the shower area and toilets must be kept clean and neat at all times. Daily housekeeping inspections will be performed by staff to make sure inmates are performing their assigned duties. Televisions and radios may be turned off at any time by the jail staff if the cell becomes cluttered or dirty during the day. Additional privileges may be taken away from the cell occupants if the cell remains un-cleaned. Inmates are expected to sweep and mop the floors every day when a detention officer brings the cleaning supplies to their cells. Cleaning supplies will be issued in the AM, and inmates must clean their cells immediately (up to 15 minutes allowed) when supplies are brought into their cell. Inmates are not to be sitting or standing on the tables. Inmates will be given cleaning supplies to clean their tables before each meal. Cooking or heating in the cells is prohibited and disciplinary actions will be taken. Posters, photos or pictures on the walls in the cells, housing units and day rooms are prohibited unless specifically approved by jail command. Eating utensils shall be returned to jail staff members after each meal. Criminal charges or disciplinary action may result against the entire cells if the utensil count finds a missing, destroyed or damaged utensil. This includes clothing mattress, bedding, jail interior, bulletins, notices, and any other county property in the jail.

**PERSONAL CLEANLINESS:**
It is important for each inmate to maintain proper health and sanitary practice. Inmates are encouraged to shower a minimum of 3 times per week. Clean clothing will be provided regularly. Inmates must be fully clothed when out of their assigned cell area. Issued clothing will not be altered or modified. Laundry days are Monday & Thursday for "A" cell and Tuesday and Friday for "B" cell. "C", "D" and Solitary cells are Wednesday and Saturday. Inmates will be notified by staff that they need to have their laundry out to get washed. All laundry must be out by 11:00 p.m. with no exceptions.

**SEARCHES AND SHAKEDOWNS:**
Inmates and inmate's cells and property including all areas of the jail are subject to random searches and shakedowns. At any time without prior notice any and all areas of the jail may be searched. Searches and shakedowns are intended to enhance security and safety of the facility, not to harass inmates. Such searches and shakedowns are conducted on an unscheduled and irregular basis. Contraband that is located as a result of the search and shakedown may be submitted to the county attorneys office for review of possible criminal charges. Normally searches and shakedowns are performed at the direction of jail command, but if necessary a detention officer may conduct a shakedown or search. Shakedowns are always documented to be reviewed by jail command. Contraband found in a housing unit will be confiscated and may include discipline for the inmate and / or the entire cellblock. The security of the cell and the inmates in the facility is the responsibility of everyone. All inmates in a cellblock may be held responsible for contraband located. Examples of discipline for the cell would be loss of recreation, visiting, telephone, television and other privileges. Inmates should privately and discreetly report contraband to staff as soon as possible. Our goal is to remove contraband before it becomes a security or safety issue. Inmates are not to discipline other inmates for violating the jail rules.

**CONTRABAND AND PERSONAL PROPERTY:**
Inmates are restricted in the type and amount of property they will be allowed in their cells. Any items not specifically authorized for the use or consumption of the inmates shall be considered contraband. The following is a list of items, which the inmates may keep in their cell area: 1 – comb, 1-toothbrush, 1- tube of toothpaste 3 bars of soap, 1 – bottle of hair shampoo in a soft plastic bottle, 5 photographs, 2 books Inmates are also allowed writing paper, envelopes and a pencil, but no ball-point pens are allowed.. Books and newspapers are not to be placed on the floor of the cell or between bars, and must not clutter or create a safety hazard. Soft covered books that are dropped off by family or friends of the inmate will become property of the jail and will not be returned to the inmate as the books go into the jail library. No pictures, photographs or drawings on the cellblock wall are allowed. Upon leaving the Facility all personal items must be taken by the inmate. Jail staff will *dispose of inmates personal items left at the detention facility.* We are not responsible for holding on to any cloths or other personal items for the inmate once they leave our facility. Lake County accepts no responsibility for personal items left at the jail by the inmate. Inmates need to make arrangements in advance for items to be picked up before they are transported to another facility. Pornographic material is not allowed in the Lake County Detention Facility.

**CRIMINAL BEHAVIOR IN JAIL:**
Inmates will not commit acts while in jail which violate the statues of the state of Montana, the ordinances of the county, city or any other law to which they are subject. An incident of arson (burning of mattresses or other materials), sex offenses, assaults, making of any type of infernal machine, such as fire bombs, match bombs, or making weapons gambling, etc. may be prosecuted to the full extent of the law. Inmates will not manufacture, smuggle, store, trade, use, traffic or otherwise deal in contraband or cause disorder. These rules also prohibit agitating, fighting, kangaroo courts, abusive or threatening language and forming prisoner organizations. Inmates shall not escape or attempt to escape, aid escape or conspire to escape. Being in jail does not exempt a person from new criminal charges.

**DISCIPLINE:**
The following actions may result from violations or infractions of the rules and regulations and are subject to administrative procedure. The action taken will depend on the specific incident and the circumstances involved As well as on what will be the most beneficial to the inmates involved, other inmates, and/or the facility. Possible actions are: Placement into isolation cell Withdrawal or suspension of any or all privileges Other limitations as may be decided by the detention staff. Criminal Actions will be fully investigated and prosecution may be undertaken. No inmate shall interfere with the rights, health or safety of another inmate or staff member. Any inmate whose conduct or actions are such as to make it inadvisable to leave him or her in their unit may be moved to any other area as may be deemed suitable by the detention officer or supervisor. Such moves may be of a temporary nature. For further information read procedures for minor and major rule violations following this section.

**RULES AND REGULATIONS:** The following is a list of rules and regulations that are to be observed. These rules explain what is expected of an inmate and are intended to ensure safe custody, decent living conditions and fair treatment for all inmates. Any infractions of these rules may result in loss of privileges commissary, radio and television, and or other disciplinary action. If necessary and appropriate detention officers are allowed to move the inmate to another location, either to protect that inmate, protect others, and or to aid in an investigation of the incident. A discipline form will be filled out on all infractions. Detention officers may recommend disciplinary action on minor or major rule infractions. Inmates past discipline violation history and/or degree of seriousness of the infraction may be reasons for longer discipline. the recommended discipline on a minor rule infraction more than 7 days then the procedures for a major rule violation will apply. All infraction reports will be kept on file for future reference, but if an inmate is found NOT GUILTY, the file will not be referenced in any possible future disciplinary action. Inmates shall have NO right to an attorney at a disciplinary hearing.

**MINOR RULE INFRACTIONS: LEVEL II offense**
(Disciplinary action for 7 days or under)
1: Unauthorized possession of property belonging to another person.
2: Indecent Exposure
3: Possession of money or currency.
4: Throwing or wasting food.
5: Loaning of property or anything of value for profit increased return.
6: Possession of anything not authorized or issued through regular institutional channels.
7: No Jewelry will be allowed **(including wedding rings)**
8: Possession of unauthorized clothing.
9: Mutilating or altering clothing issued.
10: Refusing to work as directed by jail staff.
11: Encouraging others to refuse to work or participating in work stoppage.

12: Refusing to obey an order of a staff member.
13: Malingering or faking an illness.
14: Failing to perform work.
15: Insolence towards a staff member.
16: Lying or giving a false statement to a staff member.
17: Being in an unauthorized area.
18: Failure to follow safety regulations.
19: having pictures or other such materials on cell walls
20: Interfering with the taking of the inmate head count.
21: Using abusive language.
22: Being unsanitary or un-tidy or failing to keep one's person and ones living area clean and in accordance with the rules.
23: Tattooing or self-mutilation
24: Unauthorized use of mail.
25: Storing excessive food in living quarters.
26: Attempting to commit any of the above offenses; aiding another person to commit any of the above offenses may be considered the same as a commission of the offense itself.

### PROCEDURES FOR MINOR RULE VIOLATIONS:

The detention officer will fill out a minor rule infraction form and give a copy to the accused inmate to allow him/her to respond to the charges. The inmate will have 24 hours to respond to the rule violation(s). An extension can be filed for up to two days, but the request for extension still needs to be given to officers within the 24 hours. If the inmate responds then that written response shall be attached to the original disciplinary form and given to a supervisor for approval and review. In the case where a corporal is the complaining party then the sergeants will review the case. If the inmate still disputes the sergeants decision the captain will be the source of final appeal and his/her decision is final. *For more information refer to the minor rule violation form.*

### MAJOR RULE INFRACTIONS: LEVEL 1 offense
(Disciplinary action for 7 days or more)
The following are recognized as a major rule infractions, which may be punishable by placement in isolation security cell, loss of privileges and or referral to county attorneys office for possible charges.
1: The possession or receipt of any contraband including any attempt to receive or aiding and abetting another to receive any contraband by having such brought into the jail.
2: Violation of criminal codes.
3: Assaulting/fighting with any persons.
4: Threatening another with bodily harm or any offense against person or property.
5: Extortion, blackmail, protection, demanding or receiving anything of value in return for protection against others to avoid bodily harm, under threat or informing.
6: Engaging in sexual acts with others.
7: Making sexual proposals or threats to another.
8: Infliction or punishment under pretense of law on any resident by the initiation of or participation in "kangaroo court".
9: Attempting to escape or escape.
10: Smoking or chewing tobacco ( or its likeness) products.
11: Setting a fire.
12: Destroying, altering or damaging detention property or the property of another person.
13: Stealing (theft)
14: Tampering with or blocking any locking or surveillance device.
15: Possession of any gun, firearm, weapon knife, sharpened instrument or unauthorized tool.
16: Possession or introduction of any explosive device or ammunition.
17: Possession, introduction, or use of any narcotics, narcotic paraphernalia, drugs or intoxicants not prescribed for the individual by the in house physician or medical staff.
18: Misuse of authorized medication.
19: Rioting and or encouraging to riot.
20: Engaging in or encouraging a disruptive demonstration.
21: Counterfeiting, forging, or unauthorized reproduction of any document, article of identification, money, security or official paper.
22: Mixing intoxicants or becoming intoxicated.
23: Gambling
24: Possession of any officers or staff clothing.
25: Correspondence or conduct with a visitor in violation of rules and regulations.
26: Giving or offering any official or staff member a bribe or anything of value, ring money or anything of value to or accepting money or anything of value from another inmate, a member of his family, or his friends unless through official channels.
28: Conduct which disrupts or interferes with the security or orderly running of the institution.
29: Attempting to commit any of the above offenses, *aiding any person to commit any of the above offenses.*

### PROCEDURE FOR MAJOR RULE VIOLATIONS:

If there is court action pending or if there is a criminal charge against an inmate then the jail administrator or jail supervisor will only proceed with this procedure after conference with the county attorney's office. This is to ensure inmate's rights are not being violated during the major rule violation charge. A major rule violation disciplinary form will be filed out by the charging officer and given to the accused inmate. The accused inmate will have an opportunity to respond to the charge(s) in writing. At times there may be an instance when a charging officer charges a major rule violation, but the requesting officer is requesting discipline that is seven days or less. In these cases a disciplinary hearing board does not need to hear the charges and the minor rules procedures would apply.

Once the inmate receives the major rule violation charges he/she has 24 hours to respond. An extension can be filed for up to two days, but the request for extension still needs to be given to officers within the 24 hours. If the inmate responds, then that written response shall be attached to the original disciplinary form and given to a supervisor for a time to be established to convene a disciplinary hearing board. No member of the board shall have been directly involved in any part of the alleged violation. The board will hear the evidence of the rule violation(s) and determine punishment if merited. For further information refer to the Major Rule Violation form. The possible punishment for a major rule violation is deprivation or limitation of privileges for more than seven days. The following procedures are to be followed:
1: An investigation of a reported major rule violation needs to be started as soon as possible, but no more than 48 hours from the time of the incident. If the investigation is more than 48 hours from the time of the incident it needs to be documented why it took more than 48 hours.
2: The inmate charged with the violation, shall be provided by the charging officer with a written statement of the charges, including a description of the incident and the specific rule violated. The inmate will have 24 hours to respond to the charges in writing.
3: A hearing board member (generally will be a supervisor) will give notice of when the disciplinary hearing board will meet. Included with the notice will be all copies received as part of the investigation including officer's statements.
4: An opportunity will again be given to the inmate to attend the hearing or respond in writing to the charges. The inmate will have 24 hours to respond to this notice. An extension can be filed by the inmate for up to 48 hours, but the request for the extension still needs to be filed within the 24 hours of receiving the notice of hearing. This allows the inmate time to gather witness statements if needed and prepare for the hearing.
5: Included in the notice of the hearing is an opportunity for an inmate to request a staff advisor. Being entitled to assistance is at the discretion of administration and certain circumstances must exist. An inmate will be notified in writing of approval or denial for staff assistance. Prior to the hearing, a supervisor or administrator must approve any witnesses that the inmate requests to attend the hearing. Reply for the request for witnesses will be stated in writing and follow the Disciplinary Hearing Protocol in the "Practical Guide to Inmate Discipline".
6: If the inmate only responds in writing and does not want to attend the hearing then that response will be attached to the original paper work for review by the discipline hearing board.
7: A hearing will be scheduled with in 72 hours after receiving the inmate's response or 24 hours after the hearing notice form was given to the inmate.

### The Inmate Hearing procedures include the following provisions:
1: The accused inmate has the right to attend the hearing and is advised of this on his disciplinary home and also when given notice of the hearing. The hearing will be held without the inmate if the inmate fails to respond in writing or does not want to attend.
2: The inmate may make a statement and present documentary evidence at the hearing and can request witnesses on their behalf if approved.
3: The disciplinary committee shall render a decision based on preponderance of the evidence presented and prepare a written record of the decision and any sanctions or decision to be imposed.
4: A copy of the decision and the sanctions to be imposed shall be provided to the inmate. At that time the inmate will have 24 hours to appeal the boards decision. Again an extension can be filed for up to two days but the request for extension still needs to be given to officers within 24 hours. If the inmate does appeal then the written appeal will be attached to the original disciplinary forms and other evidence and given to the Jail Administrator. The Jail Administrator is the final appeal process and the following needs to be considered when reviewing the appeal:
   A: Was there substantial compliance with the facility policy and procedures on inmate's discipline?
   B: Was the decision of the disciplinary hearing board based on a preponderance of the evidence?
   C: Was the sanction/discipline imposed proportionate to the violation?
The final appeal must be reviewed and given back to the inmate in a reasonable time frame, but no more than one week shall pass.
All discipline with a "Guilty" verdict will be implemented immediately, but if an inmate is found "Not Guilty" on appeal on either a minor or major rule violation, then this must be documented with the report and all discipline suspended. "Not Guilty" findings will have no basis for classification and future discipline decisions for the inmate. Inmates who receive discipline action write-ups will have a file kept for future reference. Discipline files, which contain "Guilty" verdicts, are used for classification and any other future discipline problems an inmate may face. Copies of the discipline file may also be transported with the inmate to any facility to which the inmate is transported. This allows for classification of the inmate in other facilities such as the Montana State Prison.

**CONTRABAND:** To make, obtain, introduce, or possess contraband while in the custody of the Lake County Detention Facility is a Felony.
1: Contraband may be deemed as any article or substance purchased through the commissary or any article or substance issued through the jail which has been altered in any form or manner so as to render such an article or substance a danger to any person or to the security of the jail or transforms that article into an object not normally allowed in the facility.
2: No inmate of the jail shall possess any article or substance except those issued or bought through the jail or when jail staff has approved possession.
3: Contraband includes but is not limited to the following well known articles and substances:
   A: Any type of Gun
   B: Any type of knife or stabbing weapon
   C: Any explosive substance or device
   D: Any type of blade, saw or file
   E: Any type of wire, string or rope
   F: Any poisonous substance and tobacco products
   G: Any key, master key or lock-picking device.
   H: Any alcoholic beverage or substance.
   I: Any marijuana, narcotics, or other dangerous drugs or any prescription without the prior approval of the in-house medical staff.

**LEGAL COUNSEL FOR CRIMINAL MATTERS:** Each inmate shall have the right to access competent legal counsel. When feasible the inmate may elect to retain legal counsel of his or her own choice. In some cases an inmate will be without funds to do so and may petition the court for appointment of counsel. Attorney will be afforded all reasonable access to their respective clients. During attorney/client interviews in the jail facility, all efforts will be made to provide as much privacy as possible. Legal book access will be available to each inmate by using the request/grievance form.

**MEALS:** Meals are served three times daily in accordance with the scheduled meal times. Utensils and trays are provided for meal periods and must be returned when eating is done. If an inmate is in need of a special diet he/she must tell jail staff. Diets are subject to *limitations that may be encountered within the kitchen facility of the jail. Meal substitution may occur at times at the discretion of the jail cook.* The Facility rotates the menu on a 4-week cycle.

**GRIEVANCE / SPECIAL REQUEST PROCEDURE:**
Any inmate while in the Lake County Jail shall have the right to report and file a grievance without fear of reprisal. All written grievances shall be forwarded to staff via a Request / Grievance Form. When a detention officer receives this form he is to mark the time and date and give the inmate the copy of his written response providing findings and reasons for decision. This must be provided within 24 hours. When a detention officer cannot handle the grievance or special request it shall be or forwarded via a referral form to the detention officer's immediate supervisor, or to the person the inmate is requesting handle the request or grievance. The supervisor will give a written response to the referral. Days off, vacation, or holidays may lengthen their response time. Records will be kept of all inmate request and grievance forms, as well as the referrals. Appeals on grievances can be made with final appeal to the jail administrator. Each person in the appeal of a grievance shall investigate the charge or complaint fully and make a decision based on his/her grievance.

**HEADCOUNTS:** Head counts will be performed at least twice daily. All inmates need to immediately come out into the dayroom for counting by a detention officer. Failure to immediately report may be grounds for discipline.

**BEDTIME – LOCKDOWN – QUIET TIME:**
At midnight all inmates will be locked down into their bunk areas. Those housing units that do not lock down are also to be in bed by this time. Televisions are to be shut off and this shall be quiet time. Lights will be shut off in the individual bunk area and lights dimmed in the day rooms. Detention officer will be conducting random bed checks to enforce this policy. Bedtime can be extended to 12:30 a.m. at the discretion of the on duty detention officers. Quiet time is for 12:00 to 6:30 a.m. Radios in the cell area also need to be shut down. lights or heating then bring it to the attention of a detention officer so it can be reviewed.

Revised 01/12/2012

*[handwritten annotation at bottom:] Contains no outline or procedure about classification*

Attachment #7

# INMATE REQUEST/GRIEVANCE

* Inmate - Be sure to request yellow copy be given to you for your records.
Detention officer to fill out information below and give yellow copy to inmate.

Inmate Name **Ellerud, James**
Date **10-19-21**

**Request:** I was housed on A Block w no violent crimes pending, and no classification process. I'm not a violent offender so I should not have been in the Max costody block. There are no classification officers or a questioning process. All officers are charged with housing an inmate as they see fit.

(Attach additional pages if necessary)

## RESPONSE TO INMATE REQUEST/GRIEVANCE

Inmate Request/Grievance received on **19** day of **Oct**, ____. (year)

(Officer MUST fill in all blanks in either category A or B.)

**A. Immediate Response:**

Explain: **Fwd to Commanders**

(Attach additional pages if necessary)

☒ Yellow copy to inmate on **19** day of **10**, **2021**. (year)
☐ Original to permanent file on ____ day of ____, ____. (year)

**B. Referred to Supervisor:** (No referral if yellow copy of this form is still attached.)

☒ Placed in Supervisor's box on **19** day of **Oct**, **2021**. (year)

(Referral form MUST be attached).

**DONE** By Detention Officer **Rodgers** on **19** day of **Oct**, **2021** (year)
(Please Print)

Rev. 07/15/99   LCSO I # 3
Mission Valley Printing

Attachment #8

# REQUEST AND GRIEVANCE REFERRAL TO SUPERVISOR

Date: 09.12.2021    Referral from Officer: M Kenzie

(PLEASE PRINT)

Referred to: Commander

Detention Officer reason for referring to supervisor: I am not able to find the info./ I do not have access.

--- The below section is to be filled out by supervisor ---

Date Received from D/O: 9/14/2021    Supervisors Signature: CMDR. TOAD

Request / Grievance from INMATE: ELVERUD, JAMES
(inmates name)

Reference Inmates Request/Grievance: CASE LAW JUSTIN PALMER V STATE OF MONTANA

Action taken by Supervisor: THE ONLY FILED CASE LAW IS IN REGARDS TO A PARENTING ISSUE THERE ARE NO OTHER FILED CASE LAW ISSUES INVOLVING PALMER

**DETENTION OFFICER MUST FILL OUT AND ATTACH THIS FORM TO THE ORIGINAL INMATE REQUEST/GRIEVANCE FORM AND REMEMBER THE YELLOW COPY OF THE INMATE REQUEST/GRIEVANCE FORM GOES TO THE INMATE.**

Gull Printing, Inc.    Form I#6    revised 02/23/2000